UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR 13-217 PAM/TNL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| | ) | |
| Plaintiff, | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1341 |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1956 |
| GARY RICHARD VIBBARD, | ) | 18 U.S.C. § 1957 |
| | ) | |
| Defendant. | ) | |
| | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### THE SCHEME TO DEFRAUD

1.  From on or about May 5, 2004 until approximately 2010, GARY RICHARD VIBBARD devised and executed a scheme and artifice to defraud investors, investment fund managers, and others in connection with R CAPITAL ADVISORS, LLC ("RCA"), a Minnesota company created, owned, and managed by VIBBARD.

2.  It was part of the scheme to defraud that VIBBARD solicited investment fund managers ("the fund managers") to retain VIBBARD to locate investors for the fund managers.

3.  It was further part of the scheme to defraud that VIBBARD and others acting under his direction solicited investors for RCA. The investment was described as paying interest quarterly plus a return of principal over three years, along with a right to purchase ownership interests in RCA.


SCANNED
AUG 21 2013
U.S. DISTRICT COURT MPLS

U.S. v.. Gary Richard Vibbard

4. It was further part of the scheme that VIBBARD recruited agents to help him sell the investment in RCA and required some agents to invest in RCA including transferring their retirement accounts for investment in RCA.

5. In his representations to the fund managers and investors VIBBARD made material misrepresentations and omitted material facts regarding VIBBARD's history and RCA's performance and capabilities. For example, VIBBARD directly and in written materials described himself as a proven and talented financial manager. VIBBARD did not disclose that even as he was creating RCA in 2004, another company he had created in 2000, CAPITAL RESOURCE GROUP, LLC ("CRG"), was the subject of a lawsuit and default judgment in United States District Court for the District of Columbia in an action brought by an investment fund that had engaged VIBBARD to provide financial consulting and capital raising services. VIBBARD did not disclose that he had filed for personal bankruptcy in 2000 or that prior to filing for bankruptcy and prior to the creation and failure of CRG, he had lost more than $1,000,000 in investor funds in another company he had created, STRATEGIC CAPITAL HOLDING COMPANY, LLC. And VIBBARD further did not disclose that was the subject of federal and state tax collection proceeds for his failure to pay more than $1.5 million in back taxes.

6. It was further part of the scheme to defraud that VIBBARD and others acting under his direction made material misrepresentations and omitted material facts about RCA. For example, VIBBARD and his agents falsely represented that RCA had access to dozens of safe and exclusive investment opportunities per year involving

billions of dollars; falsely represented that RCA was and always had been profitable and well-capitalized; did not disclose that many fund managers had demanded a refund of the engagement fee but few of them received refunds; falsely represented that RCA earns its revenue from returns on capital raised; and falsely represented that RCA has never been involved in litigation or disputes that could lead to litigation.

7. It was further part of the scheme to defraud that VIBBARD made material misrepresentations about the extent of his own investment in RCA. VIBBARD falsely stated that he had invested millions of dollars of his own and his family's funds.

8. It was further part of the scheme to defraud that VIBBARD directed that moneys be used for purposes not disclosed to or approved by investors and the fund managers, including for personal purposes and to support VIBBARD's lifestyle. Further, repayments to some fund managers and investors were made not from earnings generated by legitimate business operations of RCA but instead were paid from moneys raised from other fund managers and investors. As directed and approved by VIBBARD, RCA was a Ponzi scheme.

9. It was further part of the scheme to defraud that VIBBARD directed one or more of his agents and assistants repeatedly to transfer and withdraw funds from bank accounts and obtain negotiable instruments such as cashier's checks to allow VIBBARD and others access to funds, to conceal funds, and to hide assets from investors and creditors.

U.S. v.. Gary Richard Vibbard

10. Altogether over the course of the scheme, VIBBARD obtained more than $6,500,000 from fund managers, investors, and others under false and fraudulent pretenses. When the scheme collapsed, virtually all of the money had been spent.

## COUNT 1
(Conspiracy to Commit Mail and Wire Fraud)

11. Paragraphs 1-10 are hereby realleged and incorporated by reference.

12. From on or about May 5, 2004 and continuing until approximately 2010, in the State and District of Minnesota and elsewhere, the defendant,

**GARY RICHARD VIBBARD,**

did unlawfully and knowingly combine, conspire, and agree with others known and unknown to the Grand Jury to commit an offense against the United States, namely,

> having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises and for the purpose of executing the scheme and artifice, and attempting to do so, cause matters to be sent and delivered by mail and by private and commercial interstate carrier according to the directions thereon, in violation of Title 18, United States Code, Section 1341; and

> having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

13. The purpose of the conspiracy was to defraud investment fund managers, investors, and others in connection with the engagement of and investment in RCA.

U.S. v.. Gary Richard Vibbard

## MANNER AND MEANS

14. The manner and means of the conspiracy included inducing the payment of engagement fees and the investment of money though false and fraudulent representations and promises and omissions of material fact, the manipulation of funds in RCA accounts, and the operation of RCA as a Ponzi scheme as described in this indictment.

## OVERT ACTS

15. In furtherance of the conspiracy, a co-conspirator committed one of the following overt acts:

   (1) On or about August 21, 2008, a co-conspirator received a wire transfer of $60,000.00 from an investment fund;

   (2) On or about August 22, 2008, a co-conspirator received a wire transfer of $60,000.00 from an investment fund;

   (3) On or about October 21, 2008, a co-conspirator received a wire transfer of $60,000.00 from an investment fund;

   (4) On or about October 31, 2008, a co-conspirator received a wire transfer of $60,000.00 from an investment fund;

   (5) On or about April 1, 2009, a co-conspirator told an agent of RCA that "We're robbing Peter to pay Paul" to avoid RCA's creditors and investors;

   (6) On or about July 30, 2009, a co-conspirator received a wire transfer of $100,000.00 from investor J.J.;

   (7) On or about July 31, 2009, a co-conspirator received a wire transfer of $100,000.00 from investors R.D. & D.D.;

   (8) On or about August 4, 2009, a co-conspirator received a wire transfer of $100,000.00 from investor T.N.;

(9) On or about August 7, 2009, a co-conspirator received a wire transfer of $100,000.00 from investor J.A.;

(10) On or about August 21, 2009, a co-conspirator received a wire transfer of $60,000.00 from investor A.S.;

(11) On or about September 15, 2009, a co-conspirator deposited a $50,000.00 check from investor L.H. into an RCA account;

(12) On or about October 13, 2009, a co-conspirator received a wire transfer of $100,000.00 from investor J.M.;

(13) On or about November 3, 2009, a co-conspirator deposited two $50,000.00 checks from investor C.J. into an RCA account;

(14) On or about December 8, 2009, a co-conspirator received a wire transfer of $100,000.00 from investor A.G.;

(15) On or about January 21, 2010, a co-conspirator received a wire transfer of $100,000.00 from investor J.J.;

(16) On or about April 14, 2010, a co-conspirator received a wire transfer of $100,000.00 from investor J.M.;

(17) On or about April 22, 2010, a co-conspirator deposited a $100,000.00 check from investor A.G. into an RCA account;

(18) On or about May 18, 2010, a co-conspirator received a wire transfer of $100,000.00 from investor A.S.;

(19) On or about June 9, 2010, a co-conspirator received a wire transfer of $50,000.00 from investor J.A.; and

(20) On or about June 29, 2010, VIBBARD traveled to the St. Louis, Missouri area and met with investors.

16. All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-4
(Mail Fraud)

17. Paragraphs 1-10 are hereby realleged and incorporated by reference.

18. On or about the following dates, in the State and District of Minnesota and elsewhere, the defendant,

**GARY RICHARD VIBBARD,**

having devised and intending to devise the scheme and artifice to defraud investors, investment fund managers, and others, and to obtain money and property from the same by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice, and attempting to do so, did knowingly cause to be sent and delivered by mail and by private and commercial interstate carrier the following matter:

| COUNT | DATE | MAILED MATTER |
|---|---|---|
| 2 | 09/14/2009 | Investment materials mailed from Missouri to Minnesota by investor L.H. |
| 3 | 11/02/2009 | Investment materials mailed from Missouri to Minnesota by investor C.J. |
| 4 | 04/22/2010 | Investment materials mailed from Missouri to Minnesota by investor A.G. |

19. All in violation of Title 18, United States Code, Sections 1341 and 2.

U.S. v.. Gary Richard Vibbard

## COUNTS 5-21
(Wire Fraud)

20.    Paragraphs 1-10 are hereby realleged and incorporated by reference.

21.    On or about the following dates, in the State and District of Minnesota and elsewhere, the defendant,

**GARY RICHARD VIBBARD,**

having devised and intending to devise the scheme and artifice to defraud investors, investment fund managers, and others, and to obtain money and property from the same by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, pictures and sounds:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 5 | 08/21/2008 | Wire transfer of $60,000.000 from a bank account in California to a bank account in Minnesota |
| 6 | 08/22/2008 | Wire transfer of $60,000.000 from a bank account in Nevada to a bank account in Minnesota |
| 7 | 10/21/2008 | Wire transfer of $60,000.000 from a bank account in Massachusetts to a bank account in Minnesota |

8

U.S. v.. Gary Richard Vibbard

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 8 | 10/31/2008 | Wire transfer of $60,000.000 from a bank account in Florida to a bank account in Minnesota |
| 9 | 04/01/2009 | Telephone conversation between a co-conspirator in Minnesota and an RCA representative in Arizona |
| 10 | 07/30/2009 | Wire transfer of $100,000 from a bank account in Virginia to a bank account in Minnesota |
| 11 | 07/31/2009 | Wire transfer of $100,000 from a bank account in Missouri to a bank account in Minnesota |
| 12 | 08/04/2009 | Wire transfer of $100,000 from a bank account in Missouri to a bank account in Minnesota |
| 13 | 08/07/2009 | Wire transfer of $100,000 from a bank account in Missouri to a bank account in Minnesota |
| 14 | 08/21/2009 | Wire transfer of $200,000 from a bank account in Missouri to a bank account in Minnesota |
| 15 | 10/13/2009 | Wire transfer of $100,000 from a bank account in Missouri to a bank account in Minnesota |
| 16 | 12/08/2009 | Wire transfer of $100,000 from a bank account in Missouri to a bank account in Minnesota |
| 17 | 01/21/2010 | Wire transfer of $100,000 from a bank account in Virginia to a bank account in Minnesota |
| 18 | 04/14/2010 | Wire transfer of $100,000 from a bank account in Missouri to a bank account in Minnesota |
| 19 | 05/18/2010 | Wire transfer of $100,000 from a bank account in Missouri to a bank account in Minnesota |

U.S. v.. Gary Richard Vibbard

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 20 | 06/09/2010 | Wire transfer of $50,000 from a bank account in Missouri to a bank account in Minnesota |
| 21 | 07/21/2010 | Telephone conversation between VIBBARD in Florida and J.W. in Minnesota |

22. All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 22
(Conspiracy to Commit Money Laundering)

23. Paragraphs 1-22 are hereby realleged and incorporated by reference.

24. From on or about May 5, 2004 and continuing until approximately November 1, 2010, in the State and District of Minnesota and elsewhere, the defendant,

**GARY RICHARD VIBBARD,**

did knowingly conspire with other persons known and unknown to the Grand Jury, to:

> conduct and attempt to conduct financial transactions affecting interstate commerce that involved the proceeds of wire fraud and bank fraud and the conspiracy described herein, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of proceeds of wire fraud and the conspiracy described herein; and

> engage in and attempt to engage in monetary transactions affecting interstate commerce in property of a value greater than $10,000 derived from wire fraud and bank fraud and the conspiracy described herein, knowing that the monetary transaction involved proceeds of a criminal offense.

25. All in violation of Title 18, United States Code, Section 1956(h).

U.S. v. Gary Richard Vibbard

## COUNTS 23-32
(Money Laundering)

26. Paragraphs 1-22 are hereby realleged and incorporated by reference.

27. On or about the following dates, in the State and District of Minnesota and elsewhere, the defendant,

**GARY RICHARD VIBBARD,**

willfully causing acts by others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, that is, the deposit and withdrawal of funds from an account funded with proceeds of the scheme and artifice to defraud described in this indictment, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds of specified unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 23 | 10/09/2008 | Cash withdrawal of $20,000.00 from account no. xxxxxxxx3673 at US Bank |
| 24 | 11/03/2008 | Transfer of $7,500.00 from account no. xxxxxx1465 at Wells Fargo Bank |
| 25 | 12/17/2008 | Withdrawal of $30,500.00 in cashier's checks from account no. xxxxxxxx6125 at US Bank |
| 26 | 03/04/2009 | Transfer of $4,500.00 from account no. xxxxxxxx6125 at US Bank |
| 27 | 07/31/2009 | Transfer of $10,000.00 from account no. xxxxx7345 at Anchor Bank |

11

U.S. v.. Gary Richard Vibbard

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 28 | 08/14/2009 | Transfer of $60,000.00 from account no. xxxxx7345 at Anchor Bank |
| 29 | 08/24/2009 | Transfer of $20,000.00 from account no. xxxxx7345 at Anchor Bank |
| 30 | 09/01/2009 | Transfer of $75,000.00 from account no. xxxxx7345 at Anchor Bank |
| 31 | 11/04/2009 | Transfer of $10,000.00 from account no. xxxxx7345 at Anchor Bank |
| 32 | 04/30/2010 | Check for $65,000.00 from account no. xxxxx7345 at Anchor Bank |

28. All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(I) and 2.

### COUNTS 33-39
(Monetary Transactions in Criminally Derived Property)

29. Paragraphs 1-22 are hereby realleged and incorporated by reference.

30. On or about the following dates, in the State and District of Minnesota and elsewhere, the defendant,

### GARY RICHARD VIBBARD,

willfully causing acts by others known and unknown to the Grand Jury, did knowingly engage in and attempt to engage in a monetary transaction affecting interstate commerce in property of a value greater than $10,000 derived from the scheme and artifice to defraud described in this indictment, knowing that the monetary transaction involved proceeds of a criminal offense, as follows:

U.S. v.. Gary Richard Vibbard

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 33 | 10/09/2008 | Cash withdrawal of $20,000.00 from account no. xxxxxxx3673 at US Bank |
| 34 | 12/17/2008 | Withdrawal of $30,500.00 in eight cashier's checks from account no. xxxxxxx6125 at US Bank |
| 35 | 08/14/2009 | Transfer of $60,000.00 from account no. xxxxx7345 at Anchor Bank |
| 36 | 08/24/2009 | Transfer of $20,000.00 from account no. xxxxx7345 at Anchor Bank |
| 37 | 09/01/2009 | Transfer of $75,000.00 from account no. xxxxx7345 at Anchor Bank |
| 38 | 04/30/2010 | Check for $65,000.00 from account no. xxxxx7345 at Anchor Bank |
| 39 | 07/27/2010 | Cashier's check for $40,000.00 from account no. xxxxx8174 at TCF Bank |

31.    All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

Counts 1-39 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code Sections 981(a)(1) and 982(a)(1) and Title 28, United States Code, Section 2461(c).

As the result of the offenses alleged in Counts 1-21 of this Indictment, the defendant, GARY RICHARD VIBBARD, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United

U.S. v.. Gary Richard Vibbard

States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable directly or indirectly to the violations charged in Counts 1-21.

As the result of the offenses alleged in Counts 22-39 of this Indictment, the defendant, GARY RICHARD VIBBARD, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in the violations charged in Counts 22-39, and any property traceable thereto.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28 United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 371, 981(a)(1)(C), 982(a)(1), 1341, 1343, 1956 and 1957, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____    _____
UNITED STATES ATTORNEY              FOREPERSON