UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 13-217 (PAM/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO DEFENDANT'S MOTIONS** |
| v. | ) | |
| | ) | |
| GARY RICHARD VIBBARD, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by its attorneys, John R. Marti, Acting United States Attorney for the District of Minnesota, and Robert M. Lewis, Assistant United States Attorney, hereby submits the following response to Defendant's pretrial motions.

## MOTION FOR DISCLOSURE OF CONFIDENTIAL RELIABLE INFORMANT

This type of motion is typically filed in narcotics cases involving "controlled buys" and actions by informants that either facilitate the offenses charged or lead agents to investigate the defendant in the first place. The case against this defendant, however, is not of that type. There are no "confidential reliable informants" here as that term is typically understood and used. There are only witnesses, who will be identified on a witness list and/or through Jencks material to be produced closer to trial as is the practice in this District. To the extent this motion seeks to identify cooperating witnesses who recorded statements of the defendant, the identity of any such witnesses is apparent from the substance of recorded audio statements of the defendant that have already been produced. Therefore, this motion should be denied.

## MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION

Through its prior discovery efforts, the United States has complied with its

obligations under Brady v. Maryland, Giglio v. United States, and their progeny and will continue to do so as information becomes available. Any materials will promptly be disclosed upon a determination that Rule 16, Brady/Giglio, or both apply.

**MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL**

Rule 16(a)(2), Federal Rules of Criminal Procedure, specifically excludes statements made by government witnesses from pretrial discovery, except as provided in the Jencks Act. The Act states in relevant part:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. §3500(a). Although the government may voluntarily disclose Jencks Act material to a defendant in advance of trial, the government is not required to do so. See, e.g., United States v. White, 750 F.2d 726, 728-29 (8th Cir. 1984); see also In re United States, 834 F.2d 283, 285 (2d Cir. 1987); United States v. Collins, 652 F.2d 735, 738 (8th Cir. 1981). Notwithstanding the foregoing authority, the United States will voluntarily produce any Jencks Act material not later than one week prior to trial.

To the extent the defendants are willing to cooperate in the early disclosure of witness statements and/or discovery, the government may voluntarily make Jencks Act material available earlier.

**MOTION FOR DISCLOSURE OF WIRE TAPS ETC.**

The government has disclosed recordings of statements made by the defendant to undercover agents and a witness. This motion is therefore moot and should be denied.

## MOTION FOR DISCOVERY AND INSPECTION

Defendant has already been given and will continue to be provided access to all materials included within the scope of Federal Rule of Criminal Procedure 16.  The United States has made thousands of pages available for inspection and has provided specifically requested copies on convenient computer disks.  To the extent Defendant's motion goes beyond the obligations imposed by Fed. R. Crim. P. 16, the motion should be denied.  For example, the names and addresses of witnesses, their criminal records, any statements by any persons, and agent rough notes, see Def. Motion at 2 (dkt. 32), are specifically outside Rule 16.  Therefore, this motion should be granted only to the extent it requires the ongoing production of materials within the scope of Rule 16.

## MOTION FOR PARTICIPTION BY COUNSEL IN VOIR DIRE

This matter is properly addressed by the trial judge as part of trial management. The motion should therefore be denied without prejudice.

## MOTION FOR PRESERVATION OF ROUGH NOTES

The government does not object to this motion and asks that a reciprocal order be entered with respect to any rough notes of any defense investigators.

## DEFENDANTS' MOTION FOR DISCLOSURE OF 404(b) EVIDENCE

Under Rule 404(b), "no specific form of notice is required."  Fed. R. Evid. 404 advisory committee's note, 1991 Amendments.  Rule 404(b)of the Fed. R. Evid. only requires the government to provide a defendant with "reasonable notice in advance of trial" of the "general nature of any such evidence" intended to be introduced.  The United States is only required to provide the defense with "generalized notice" which

3

"apprise[s] the defense of the general nature of the evidence of extrinsic acts."  Id.

The government will comply with the notice requirements of Rule 404(b).  The United States proposes, as it has in many other cases, to provide notice of its intention to offer Rule 404(b) evidence at least ten (10) days before trial or upon learning of the existence of the evidence, whichever occurs later.

**MOTION TO SUPPRESS CONFESSIONS, ADMISSIONS, OR STATEMENTS**

This motion relates to the interview of defendant by agents on December 14, 2012 and advances two reasons for suppression of the statement:  first the defendant alleges that the Fifth Amendment was violated because he was not provided a target letter before the interview; second, he asserts that due process was violated in that he was not provided a target letter until "midway through the interview."  Def. Motion at 1 (dkt. 36).  Beyond this interview and the grounds asserted for suppression – failure to provide a target letter until the interview had begun – there is no other issue before the Court.  See United States v. Edwards, 563 F.Supp.2d 977, 994 (D. Minn. 2008).

The government agrees that the defendant was not initially given a target letter. See Exhibit A is a copy of the Memorandum of Interview, December 14, 2012 (provided in camera and redacted to remove identification of third parties and information relating to the defendant that could be considered sensitive and immaterial to suppression issue).[1] However, it is not disputed that an agent told the then-uncharged Mr. Vibbard that he was a target *at the beginning of the session.*  See Exhibit A at 1.  Moreover, during the interview, an agent handed Mr. Vibbard the target letter and explained its purpose.  See

---

[1] Defense counsel has a complete and unredacted copy of the Memorandum of Interview.

4

Exhibit B ("target letter" provided <u>in camera</u> and redacted to conceal personal address). Each time, both after being orally advised and being given the one-page letter, the defendant continued the interview.   Exhibit A at 1-2.[2]

The motion to suppress the statement should be denied.   As a matter of law, there is no right to a target letter, and the failure to give one prior to an interview – or earlier in an interview than occurred here – has no legal effect.   The defendant cites no authority for the proposition that failing to give a target letter before the start of the interview is a constitutional violation, or that suppression of the statement would be the remedy for such a failure.   There is no such authority, because that is not the law.

The holding in <u>United States v. Donaldson</u>, 493 F.Supp.2d 998 (S.D. Ohio 2006), is instructive.   There the defendant – who was eventually charged with fraud, money laundering, and conspiracy – twice went to an FBI office and gave an interview.   The agents never told her she was under investigation.   <u>Id.</u> at 1000-1001.   Summarizing applicable cases, the court explained that suppression was not appropriate:

> Initially, Defendant argues that the Court must suppress the statement she made during the two interviews in Cheyenne, because she was a target of the investigation which has led to this prosecution and had not been provided a target letter by the Department of Justice, before those interviews.   It is not questioned that Donaldson was not furnished a target letter before either interview.   In addition, the Court will assume for present purposes that Donaldson was the target of the investigation before August 27, 2004, when the first interview occurred, and that she remained such a target when she was interviewed on the second occasion.   The Court also assumes that Department of Justice regulations required that she be provided a target letter before being interviewed.   Nevertheless, the Court cannot agree that the failure to provide such a letter mandates the suppression of Donaldson's statements in either interview.

---

[2] Because there is no dispute about the facts relating to when the defendant was given the target letter and the defendant's motion turns on the delivery of the letter, there is no need for evidence at the motions hearing.

> The decision of the Sixth Circuit in United States v. Myers, 123 F.3d 350 (6th Cir.), cert. denied, 522 U.S. 1020 (1997), demonstrates that the failure to provide Donaldson a target letter before she was interviewed does not mandate the suppression of the statements she made during those interviews. [Myers] was stopped driving a car, [and he was subsequently found to be in possession of narcotics, a weapon, and a large amount of cash].… The defendant was subsequently subpoenaed to testify before a Grand Jury investigating the matter; however, prior to the testimony, the Government failed to provide a target letter, allegedly in violation of the Department of Justice Manual. After he had been indicted, the defendant moved to suppress his Grand Jury testimony on the basis of that alleged violation. The District Court denied that motion …. Upon appeal, the Sixth Circuit agreed [and] noted that the Supreme Court had rejected the argument that the failure to provide a letter to the target of a Grand Jury investigation, informing him of his status, violates the suspect's constitutional rights. Id. at 354–55 (citing United States v. Washington, 431 U.S. 181, 189 (1977)). In Myers, the Sixth Circuit also held that, even if the failure to provide a target letter violated the Department of Justice Manual, such a violation would not require the suppression of the defendant's Grand Jury testimony, given that the Department of Justice regulations did not create rights that were enforceable by criminal defendants. Id. at 355–56. Accord, United States v. Wilson, 413 F.3d 382, 389 (3rd Cir.2005) (and cases cited therein).

Donaldson, 493 F.Supp.2d at 1001-1002.

Under Department of Justice ("DOJ") policy, the only time a target affirmatively must be given notice of her status is prior to subpoenaed testimony in the grand jury. See United States Attorney's Manual ("USAM") § 9-11.151.  This notice is not in a "target letter" typically but an oral advisory on the record or in an attachment to a subpoena.[3]  Still, as noted above, failure to follow that DOJ policy results neither in suppression of grand jury testimony nor dismissal of an indictment.  See, e.g., Myers, 123 F.3d at 355; Wilson, 413 F.3d at 389; United States v. Babb, 807 F.2d 272, 278-79 (1st Cir. 1986).  Courts have repeatedly held that failure to follow other internal DOJ policies likewise does not create substantive rights.  E.g., United States v. Wilson, 413

---

[3] A "target letter" like the one given to Gary Vibbard offers the chance to negotiate a pre-indictment resolution and explains how to request counsel if indigent.  See Exhibit B.

F.3d 382, 388-89 (3d Cir. 2005) (alleged failure to comply with DOJ policy regarding successive federal prosecution after state case arising from the same facts).  Even when investigators have misled a target about his status, suppression of a statement has not resulted.  See United States v. Larry, 126 F.3d 1077, 1079 (8th Cir. 1997); United States v. Byram, 145 F.3d 405, 408 (1st Cir. 1998).

In this case, not only was no DOJ policy violated, but the agents *did* tell the defendant at the outset that he was a target of the investigation.  They also gave him the target letter in case he wanted to engage in a pre-indictment negotiation.  Thus there is no basis to suppress the December 14, 2012 statement.

### MOTION TO SUPPRESS SEARCH AND SEIZURE EVIDENCE

The government did not seize any evidence in this case as a result of a search or seizure from the person of the defendant or any place in which the defendant has a reasonable expectation of privacy.  Moreover, the defendant has not specified any search or grounds for suppression of any evidence.  Edwards, 563 F.Supp.2d at 994.  This motion is therefore moot and should be denied.

Respectfully submitted,

JOHN R. MARTI  
Acting United States Attorney

*s/Robert M. Lewis*

Dated:   February 6, 2014

BY: ROBERT M. LEWIS  
Assistant U.S. Attorney  
Attorney ID No. 249488

7